UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT THOMAS,

      Petitioner,

-against-

SUPERINTENDENT WALCOTT,

      Respondent.

19-CV-9337 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

 Petitioner, currently incarcerated at Orleans Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his April 20, 2005 judgment of conviction in the New York State Supreme Court, New York County, in which he pleaded guilty and was sentenced to 15 years' incarceration.

 The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reason set forth below.

## DISCUSSION

 Petitioner brings this petition under § 2241, challenging his April 20, 2005 judgment of conviction. But the application must be construed as a petition for a writ of *habeas corpus* under § 2254 because Petitioner challenges "the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

 Court's records show that Petitioner filed a previous application for relief under § 2254 challenging the same conviction. *See Thomas v. Heath*, ECF 1:10-CV-5861, 17 (S.D.N.Y. July 12, 2011), *appeal denied*, No. 11-3236 (2d Cir. Feb. 17, 2012). Because Petitioner's previous

application for relief under § 2254 was decided on the merits, this application is a second and successive petition.[1] *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).

Before a second and successive § 2254 habeas petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. In the interest of justice, the petition is transferred to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*).

This order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] The Court is not required to provide Petitioner with an opportunity to withdraw this application before it recharacterizes it as a § 2254 petition because Petitioner previously filed a § 2254 petition. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 3, 2019
              New York, New York

                                               COLLEEN McMAHON
                                         Chief United States District Judge